UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA M. MAVROGIANIS,<br>700 New Hampshire Avenue, N.W.<br>Apt. 416<br>Washington, D.C. 20037,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. McDONALD,<br>Secretary of Veterans Affairs,<br>U.S. Department of Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, D.C. 20420,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

**COMPLAINT**
(Employment Discrimination)

**Introduction**

1.     Plaintiff Lisa M. Mavrogianis brings this action pursuant to Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2 *et seq.*, and 42 U.S.C. § 1981a, and the

Rehabilitation Act of 1973. as amended, 29 U.S.C. §§ 701 *et seq.*, and 42 U.S.C. § 1981a, to

redress unlawful employment discrimination, including retaliation, perpetrated against her by the

United States Department of Veterans Affairs ("DVA").  Specifically, plaintiff contends that her

DVA supervisors discriminated against her based upon her disabilities and/or her sex, and

retaliated against her because of her protected EEO activity, by denying her a reasonable

accommodation of her disabilities and imposing on her a hostile work environment.

### Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity

Act of 1972, 42 U.S.C. § 2000e-16(c), and the Rehabilitation Act of 1973, as amended, 29

U.S.C. § 505, as both were amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Subject matter jurisdiction is also pursuant to 28 U.S.C. § 1331, as this action arises under the

laws of the United States, thereby presenting a federal question.

### Venue

3.      Venue is proper in the United States District Court for the District of Columbia

pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims occurred in

this judicial district, the personnel records of defendant concerning plaintiff are here, and the

defendant is located, has offices, and conducts business in this judicial district.

### Exhaustion of Administrative Remedies

4.      All of the necessary administrative prerequisites for filing the above-referenced

claims have been met, as the Department of Veterans Affairs issued a Final Agency Decision

(FAD) on September 16, 2014, regarding plaintiff's first administrative EEO complaint (Agency

EEO Complaint No. – ORM Case No. 2004-0005-2011103239), which is within 90 days of the

filing of the instant complaint with this Court, and more than 180 days have passed since

plaintiff filed a second administrative complaint of discrimination with the appropriate office at

the Department of Veterans Affairs (Agency EEO Complaint No. – ORM Case No. 20DR-0008-

2014101181) with no FAD having been issued as yet regarding the claims made in this second

administrative EEO complaint.

**Parties**

5.      Plaintiff Lisa M. Mavrogianis is a female citizen of the United States and a resident of the District of Columbia.  She is disabled within the meaning of the Rehabilitation Act.  Plaintiff is currently, and was at all times relevant to the claims made herein, employed by U.S. Department of Veterans Affairs within the District of Columbia as a GS-14.  She is currently serving as GS-14 Management Analyst in the Office of the Assistant Secretary for Policy and Planning.

6.      Defendant Robert A. McDonald is the current Secretary of Veterans Affairs and, as such, is the head of United States Department of Veterans Affairs ("DVA"), a department within the Executive Branch of the government of the United States which has employed at least 600 persons in each of the last 20 months.  Secretary McDonald is here named as defendant in his official capacity as head of the DVA only.

**Statement of Facts**

7.      In approximately 2005, plaintiff was diagnosed with musculoskelatal problems. This condition substantially limits her ability to perform the major life activities of walking, bending, reaching, twisting, pushing, and pulling.  This condition also causes plaintiff moderate to severe pain.  In November 2012, plaintiff was diagnosed with a hip labral tear, which severely limits her in many of the same major life activities.  Plaintiff continues to suffer from both of these conditions.

8.      Plaintiff began working at the DVA as a GS-14 level Management Analyst in the Office of Information Technology ("OIT") in March 2010, and was assigned to the Office of Program Management, Policy, and Reporting ("PMPAR"), in Architecture Strategy and Design

("ASD"). She has held this position at all times relevant to the allegations contained in her first administrative EEO complaint (ORM Case No. 2004-0005-2011103239).

9.     From March 2010, when she became a DVA employee, until approximately October 2011, plaintiff was under the supervision of Jeffrey Mello, a GS-15 who was at that time the Director of PMPAR.  During this period, plaintiff was one of two females who were GS-14 level Management Analysts in PMPAR under Mr. Mello.  A third GS-14 Management Analyst under Mr. Mello was a male.  The rest of subordinate federal employees in PMPAR under Mr. Mello were GS-13 level Management Analysts, and all of them were females.  The federal employees in PMPAR were divided into teams, each headed by a GS-14 Management Analyst who was designated a "Team Lead."  Each team had at least one GS-13 Management Analyst on it in addition to the Team Lead.  In addition to these federal employees, PMPAR also was staffed by persons who were employed by CACI, a government contractor.   Of these contractor personnel in PMPAR, all full time substantive workers were male.

10.     During his time as Director of PMPAR, Mr. Mello favored the males on the staff, be they contractor personnel or the sole GS-14 Team Lead, to the detriment of plaintiff and the other female Team Lead.  For example:  Mr. Mello provided the male GS-14 Team Lead with more and greater training opportunities than he did for plaintiff or her female GS-14 Team Lead colleague.  Indeed, the greater training opportunities provided to the male GS-14 enabled him to have an increase in career enhancing duties and responsibilities – such as being named the Contracting Officer's Representative ("COR") for PMPAR.  Further, Mr. Mello unfairly gave both plaintiff and her female GS-14 Team Lead colleague a letter of substandard performance, while praising the male GS-14 Team Lead, although the women's job performance as Team Leads was at least as good as that of their male colleague.  In fact, Mr. Mello gave the male GS-

14 Team Lead undeserved higher performance ratings than either plaintiff or the other GS-14

female Team Lead.

11.     In 2010, plaintiff's physician instructed that, because of her disability, she should

have an ergonomic assessment of her work station.  In August or September of 2010, plaintiff

made a request for this reasonable accommodation to her then first-line supervisor, Jeffrey

Mello, and the DVA Human Resources Office.  Months later, Mr. Mello responded by requiring

her to provide medical documentation that exceeded that necessary to support the

accommodation requested, at same time denying her request for two hours of leave in order to

obtain such documentation.  Moreover, before he required this unnecessary medical

documentation, and prior to any ergonomic assessment being done, Mr. Mello began harassing

plaintiff with a series of proposed furniture and equipment changes to her work station that

plainly did not accommodate her disability, but only served to excuse his inaction with regard to

her request for a reasonable accommodation.  Rather than providing an ergonomic assessment,

the DVA instructed plaintiff to go to one of her prior federal employers and take photographs of

her former work station so as to demonstrate what she needed by way of accommodations.

12.     After plaintiff pointed out to Mr. Mello that it was the Office of Safety at DVA

that could perform an ergonomic assessment – as Mello had been contending that no one at DVA

could perform such an assessment – an assessment was performed, and it concluded that plaintiff

should be accommodated with an ergonomic chair, a lower desk, and a laptop computer.

Though plaintiff was eventually provided with these accommodations, first Mr. Mello moved

plaintiff's work station (and the work station of the GS-13 Management Analyst on her Team)

away from all the other federal employees in PMPAR and in among the all-male contractor force

– which required a new ergonomic assessment to take place prior to plaintiff obtaining any of the

requested accommodations to her handicapping condition.  Also, as a result of this relocation,

plaintiff suffered an assault by a male contractor, which Mr. Mello only reluctantly reported and

about which he later sought to excuse the action and took no steps to provide for plaintiff's

protection.

13.     Following her request for a reasonable accommodation, Mr. Mello removed some

of plaintiff's high-level duties and assigned them to a newly-hired employee, denied her requests

to tele-work, issued her a letter of sub-standard job performance, required her to take training

which she did not need, issued her an unfairly lowered performance appraisal, solicited critical

comments about plaintiff from her coworkers, and excluded her from meetings.  Mr. Mello took

these actions (and made these omissions) in retaliation for plaintiff having made requests for

reasonable accommodation and insisted upon such request being satisfied by DVA management.

14.     When the DVA denied plaintiff's request for a reasonable accommodation, she

once again contacted an EEO counselor.  After counseling failed to resolve her informal

complaint, on August 19, 2011, plaintiff timely filed a formal EEO complaint alleging unlawful

denial of a reasonable accommodation, disability discrimination, and retaliation.  This complaint

was designated by DVA as ORM Case No. 2004-0005-2011103239.  On September 16, 2014,

the DVA issued a Final Agency Decision of no discrimination / retaliation regarding that

administrative EEO complaint.

15.     In November 2012, plaintiff's physician diagnosed her as having suffered a hip

labral tear – a condition that was contributing to her handicap due to the previously diagnosed

musculoskelatal problems – and instructed that, after she returned to work following a month-

long medical absence, she should be permitted a flexible work schedule as an accommodation to

her disability.  However, shortly after she returned to work in January 2013, plaintiff accepted a

new position at DVA in Office of Policy and Planning's National Center for Veterans Analysis

and Statistics ("NCVAS"). In this new position her immediate supervisor was initially, Joseph

Salvatore, Direct for Reporting and Information Services ("RIS"), who worked for Kenneth

Wagner, Executive Director of NCVAS, who reported to Dat Tran, the then Deputy Assistant

Secretary for Data Governance and Analysis.

16.     On July 3, 2013, plaintiff made a request to the DVA for three days tele-work per

week (plus a new ergonomic assessment, a flexible work schedule, etc.) as an accommodation of

her disability, as proposed and supported by her physician. Notwithstanding plaintiff's repeated

submissions of her physician's medical justifications for these accommodations, and despite

permitting other of its employees, both handicapped and not handicapped, to tele-work freely for

up to three-days a week, DVA management – in the persons of Mr. Salvatore, Mr. Wagner, and

Mr. Tran – refused plaintiff the reasonable accommodations requested, and continued to do

formally right up to the present. In fact, DVA management denied plaintiff's request for

reconsideration of its refusal to provide the requested accommodations.

17.     In addition to denying plaintiff's reasonable requests for accommodation, the

DVA management in NCVAS has subjected her to a hostile work environment because of her

disability and in retaliation for prior EEO activities (*i.e.*, her initial EEO complaint, her second

EEO complaint, and her request for reasonable accommodation for her disability and her

insistence on pressing for such accommodations). This hostile work environment was made up

of the following:  unfairly subjecting her to criticism, excluding her from emails and meeting

related to her work assignments, treating her in a dismissive manner, over-documenting

conversations with view toward building a record – a false record – of plaintiff's having a

communications problem, refusing her resources to perform her duties, failing to provide

plaintiff with work assignment in two of her three critical performance elements, and unfairly rating her performance in 2013 and 2014.

18.     Because of this continuing discrimination and retaliation, plaintiff again contacted an EEO counselor in January 2014, and, ultimately, she timely filed a second formal EEO administrative complaint alleging failure to provide reasonable accommodation, discrimination based on her disability, and retaliation for having engaged in ongoing EEO activities.  This complaint was designated by DVA as No. 20DR-0008-2014101181.  While DVA has begun an investigation into the allegations contained in plaintiff's second EEO administrative complaint, no FAD on those claims has yet been issued, and more than 180 days have elapsed since plaintiff filed that formal EEO complaint.

## Statement of Claim

19.     DVA management's failure to provide plaintiff reasonable accommodations on account of her disability, its creation of a hostile work environment for plaintiff, and its having taken discriminatory and retaliatory adverse actions against plaintiff, were in violation of both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2 *et seq.*, and 42 U.S.C. § 1981a, and the Rehabilitation Act of 1973. as amended, 29 U.S.C. §§ 701 *et seq.*, and 42 U.S.C. § 1981a.

20.     As a direct and proximate result of this unlawful discrimination and retaliation, plaintiff has suffered and continues to suffer economic losses, lost pay and benefits, lost career benefits and lost career opportunities, injuries in the form of personal and professional humiliation and embarrassment, as well as other emotional distress and pain and suffering.

**Prayer for Relief**

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on the claims of employment discrimination brought herein pursuant to title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act, as amended, and provide her with the following relief:

(a)      award plaintiff compensatory damages against defendant in the amount of $300,000.00, plus interest thereon;

(b)      order defendant to provide plaintiff the reasonable accommodations she has requested, including authorizing her to tele-work three days per week, providing her with a properly equipped at DVA (*e.g.*, one with an ergonomic chair, reachable cabinetry, which is located convenient to the lavatory and the entrance/exit), providing her with handicap parking convenient to her building's entrance ;

(c)      order defendant to provide plaintiff with excellent performance ratings for all times relevant to this complaint;

(d)      order defendant to restore all annual leave and sick leave that plaintiff may have used as a consequence of the discriminatory/retaliatory treatment to which she was subjected by DVA management and/or the DVA's improper denial or delay in providing her with requested reasonable accommodations to her disability;

(e)      enjoin defendant from discriminating or retaliating against plaintiff further;

(f)      award plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

(g)      award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff